UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UFCW LOCAL ONE PENSION FUND )
and its TRUSTEES: )
John P. Barrett, Kristine Wydro, )
Frank C. DeRiso, Greg P. Gorea, )
Robert Boehlert and Mark Manna )
 )
and )
 )
UFCW LOCAL ONE HEALTH )
CARE FUND and its TRUSTEES: )       Case No.:  6:18-CV-185[FJS/ATB]
John P. Barrett, I. Stephen Davis, Frank C. )
DeRiso, Raymond Wardynski, Joseph L. Sahlen, )
Robert Ciancaglini, Roger Hemmitt, )
David Pardi, Kristine Wydro, Greg P. Gorea )
 )
                        Plaintiffs, )
             v. )
 )
AR-DE'S Inc. d/b/a )
GREAT AMERICAN # 482 )
 )
                        Defendant. )
_____ )

## COMPLAINT

Plaintiffs, the UFCW Local One Pension Fund ("Pension Fund") and the UFCW Local One Health Care Fund ("Health Fund") (collectively the "Funds") and their respective Trustees, by and through counsel, hereby complain of Defendant AR-DE'S Inc. d/b/a Great American # 482 ("AR-DE'S") as follows:

### Introduction

1.      This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. (1982). Plaintiffs seek a judgment against Defendant for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the

{G0623277.1}

Plaintiffs in collecting these amounts related to Defendant's failure to pay contributions required by collective bargaining agreements.

## Jurisdiction and Venue

2.      This Court has subject matter jurisdiction under Sections 502(e), 502(f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

3.      Personal jurisdiction exists over Defendant pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that an action may be filed in the district where the plan is administered, and process may be served on a defendant in any other district where a defendant resides or may be found.

4.      Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Funds are administered at their principal place of business in Oriskany, New York.

## Parties

5.      The Pension Fund is a joint labor-management benefit fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).  Its purpose is to provide retirement benefits to the eligible employees of employers who contribute to the Pension Fund pursuant to a collective bargaining agreement with the UFCW District Union Local One (the "Union") or a Participation Agreement with the Pension Fund.

6.      Plaintiffs, John P. Barrett, Kristine Wydro, Frank C. DeRiso, Greg P. Gorea, Robert Boehlert and Mark Manna are Trustees of the Pension Fund and are fiduciaries of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and, as the

Board of Trustees, are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

7.    The Health Fund is a joint labor-management benefit fund established pursuant to Section 302(c) of the LMRA (29 U.S.C. § 186(c)) and a multiemployer benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).  Its purpose is to provide health and related benefits to the eligible employees of employers who contribute to the Health Fund pursuant to a collective bargaining agreement with the Union or a Participation Agreement with the Health Fund.

8.    Plaintiffs, John P. Barrett, I. Stephen Davis, Frank C. DeRiso, Robert Ciancaglini, Joseph L. Sahlen, Raymond Wardynski, Roger Hemmitt, David Pardi, Kristine Wydro and Greg P. Gorea are Trustees of the Health Fund and are fiduciaries of the Health Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and, as the Board of Trustees, are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

9.    The principal office of the Funds is located at 5911 Airport Road, Oriskany, New York, 13424.

10.    Pursuant to Section 502(a)(3), of ERISA, 29 U.S.C. § 1132(a)(3), the Plaintiff Trustees are authorized to bring this action on behalf of the Funds, their participants, and beneficiaries for the purpose of collecting unpaid contributions.

11.    At all times relevant to this Complaint, AR-DE'S has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12), and Section 301 of the LMRA, 29 U.S.C. § 185.

{G0623277.1}

12.    Upon information and belief, at all times relevant to this Complaint, AR-DE'S has been a domestic corporation organized under the laws of New York, with its principal office located at 99 Borden Ave., Norwich, New York, 13815.

## BACKGROUND

13.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

14.    AR-DE'S was signatory to and bound by a Collective Bargaining Agreement ("CBA") with the Union under which it was required to make contributions to the Funds each month on behalf of its employees who were covered by the CBA.

15.    The terms of the CBA obligated AR-DE'S to be bound by the Funds' Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

16.    The Trust agreement binds AR-DE'S to the Funds' policies and rules adopted by the Trustees regarding the collection of delinquent contributions ("Delinquency Policy").

17.    The CBA and the Trust Agreement required AR-DE'S to submit monthly contributions to the Funds on behalf of its eligible employees.

## COUNT I: PENSION FUND'S CLAIM FOR DELINQUENT CONTRIBUTIONS AGAINST DEFENDANT

18.    Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

19.    AR-DE'S failed to contribute to the Pension Fund: (a) the required amounts of contributions owed under the CBA for September 2016 and October 2016; and (b) the contribution delinquencies discovered in the course of the Pension Fund's audit of AR-DE'S contributions records for 2015.  AR-DE's owes the Pension Fund these unpaid contributions in the amount of $3,774.57 plus interest accrued thereon, which totals $767.45 as of February 9, 2018 and will continue to accrue until the date paid.

20.     Additionally, consistent with its CBA and the Rehabilitation Plan adopted by the Pension Fund's Trustees, AR-DE'S was required to increase its total contributions to the Pension Fund by 17.5% each year.  AR-DE'S failed to increase its total contributions in 2016 by 17.5% over its total contributions for 2015, and therefore owes the Pension Fund shortfall contributions in the amount of $638.25 plus interest accrued thereon, which totals $36.51 as of February 9, 2018 and will continue to accrue until the date paid.

21.     By the foregoing conduct, AR-DE'S has violated Section 515 of ERISA, 29 U.S.C. § 1145.

22.     Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), AR-DE'S is liable to the Pension  Fund for the delinquent contributions; interest on the delinquent contributions at the Funds' prescribed interest rate from the date due; the greater of interest at the above rate or liquidated damages of twenty percent (20%) of the unpaid contributions; and the Funds' reasonable attorneys' fees and costs incurred in this action.

## COUNT II: HEALTH CARE FUND'S CLAIM FOR DELINQUENT CONTRIBUTIONS AGAINST DEFENDANT

23.     Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

24.     AR-DE'S failed to contribute to the Health Fund: (a) the required amounts of contributions owed under the CBA for the periods of January 2016 through March 2016, September 2016 through October 2016 and January 2017 through November 2017; and (b) the contribution delinquencies discovered in the course of the Health Fund's audit of AR-DE'S contribution records for 2014, 2015, and 2016.  AR-DE'S owes the Health Fund these unpaid contributions in the amount of $154,906.12 plus interest accrued thereon, which totals $10,524.82 as of February 9, 2018 and will continue to accrue until the date paid.

25.     By the foregoing conduct, AR-DE'S has violated Section 515 of ERISA, 29 U.S.C. § 1145.

26.     Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), AR-DE'S is liable to the Health Fund for the delinquent contributions; interest on the delinquent contributions at the Funds' prescribed interest rate from the date due; the greater of interest at the above rate or liquidated damages of twenty percent (20%) of the unpaid contributions; and the Funds' reasonable attorneys' fees and costs incurred in this action.

### Prayer for Relief

**WHEREFORE,** Plaintiffs request the following relief:

A.  A judgment in favor of the Pension Fund against AR-DE'S Inc. d/b/a Great American # 482 for:

1.  Delinquent contributions in the amount of $4,412.82;

2.  Interest on that amount at the Fund's rate of 8% per annum from the date due until the date paid or the date of judgment in the minimum amount of $803.96;

3.  The greater of interest on the delinquent contributions or liquidated damages equal to twenty percent (20%) of the delinquent contributions in the minimum amount of $882.56;

B.  A judgment in favor of the Health Fund against AR-DE'S Inc. d/b/a Great American #482 for:

1.  Delinquent contributions in the amount of $154,906.12,

2.  Interest on that amount at the Fund's rate of 8% per annum from the date due until the date paid or the date of judgment in the minimum amount of $10,524.82;

3. The greater of interest on the delinquent contributions or liquidated damages equal to twenty percent (20%) of the delinquent contributions in the minimum amount of $30,981.22; and

C. Reasonable attorney's fees and costs incurred by the Funds in recovering the delinquent contributions, including but not limited to such fees and costs incurred in this action, as required by ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

D. Such other legal or equitable relief as this Court may deem proper and just.

GETNICK LIVINGSTON
ATKINSON & PRIORE, LLP

/s/     Patrick G. Radel, Esq.
Patrick G. Radel, Esq.
Bar Roll No. 512794
258 Genesee Street
Utica, NY 13502
Telephone: (315) 797-9261
Fax: (315) 732-0755
pradel@getnicklivingston.com

*Local Counsel on behalf of Plaintiffs*

/s/     Alexander M. Gormley, Esq.*
Alexander M. Gormley, Esq.*
Sarah E. Sanchez, Esq.*
Slevin & Hart, P.C.
1625 Massachusetts Avenue, N.W., Ste. 450
Washington, D.C. 20036
Telephone: (202) 797-8700
Fax: (202) 234-8231
agormley@slevinhart.com
ssanchez@slevinhart.com

*Counsel for Plaintiffs*

*\*Pro hac vice application to be submitted*

20591014v1

{G0623277.1}